Hon. Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERTA PICU and SEVER PICU, | Case No. 2:14-cv-00330-RSL |
| Plaintiffs, | (removed from Superior Court Case No. 14-2-05726-1) |
| v. | **DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |
| MARIANA BOT, individually and as a member of a marital community; DOREL BOT, individually and as a member of a marital community, and DUVALL ADULT FAMILY HOME, | |
| Defendants. | **NOTED FOR HEARING: Friday, April 11, 2014** |

## I.    INTRODUCTION

Defendants hereby move to dismiss four of the five claims brought against them by Plaintiffs Roberta Picu and Sever Picu, two former independent contractors who provided services at the Duvall Adult Family Home.[1]  In their Complaint, Plaintiffs seek to recover back wages, including minimum and overtime pay, alleging violations of federal and state wage laws. In addition to their federal and state law wage claims, Plaintiffs assert causes of action for breach

---

[1] In filing this partial motion to dismiss ("Motion"), Defendants seek leave from the Court to permit them to answer Plaintiffs' Complaint after the Court rules on this Motion.



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

of an oral contract, fraud, and violations of Washington's Consumer Protection Act ("CPA"). They seek consequential damages, emotional distress damages, double wages under Washington's Minimum Wage Act ("MWA"), treble damages under RCW 19.86.090, and attorney fees.  The facts before the Court, however, establish that Plaintiffs' wage, fraud and CPA claims are defective as a matter of law.  For the reasons set forth herein, Plaintiffs have failed to state claims upon which relief may be granted and these causes of action should be dismissed.

## II.    STATEMENT OF FACTS

Plaintiffs commenced this action in King County Superior Court and Defendants timely removed the action to this Court on federal question grounds, *to wit,* Plaintiffs allege a cause of action under the Fair Labor Standards Act ("FLSA").

Defendant Duvall Adult Family Home ("DAFH") is a licensed adult family home located in Duvall, Washington which provides round the clock care to elderly and disabled persons.  Complaint, ¶¶ 1, 2, 45.  Plaintiffs allege that defendants Mariana and Dorel Bot are the owners of DAFH.[2]  *Id*. at ¶ 3.   Plaintiffs are a married couple who previously provided services at DAFH.  *Id*. at ¶ 6.  Namely, from November 1, 2011 to May 14, 2012 and again from August 31, 2012 until November 30, 2012, Plaintiffs served as live-in attendants and provided care to DAFH's elderly and disabled residents.  *Id*. at ¶¶ 6, 19-21.  During the relevant time period, both Plaintiffs were certified nursing assistants.  *Id*. at ¶¶ 7-9.

DAFH engaged Plaintiffs' services pursuant to an oral contract – there was no written agreement.  *Id*. at ¶ 35.  Pursuant to the terms of the oral agreement, Plaintiffs received $3,000.00 in addition to room and board per month in exchange for their work at DAFH.[3]  *Id*. at ¶¶ 48-49.  According to Plaintiffs, they each worked 160 hours per week.  *Id*. at ¶¶ 52-53.  They further

---

[2] It will be specifically denied that Dorel Bot has any ownership in DAFH.
[3] In their Complaint, Plaintiffs allege that Defendants agreed to pay each Plaintiff $3,000.00 per month.  Complaint, ¶¶ 48-49.  Defendants vehemently dispute this.  Rather, DAFH agreed to pay Plaintiffs a combined total of $3,000.00 per month, in addition to providing free room and board.  However, for purposes of this motion to dismiss only, Defendants accept as true, as they are so required, Plaintiffs' factual allegations.



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE  WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1  allege that during the nine and half months that they provided services at DAFH, Defendants did

2  not pay Mrs. Picu any compensation whatsoever[4] (*id.* at ¶¶ 54-56) and that Defendants did not

3  pay Mr. Picu overtime wages.  *Id.* at ¶ 57.  Further, Plaintiffs assert that Defendants made

4  "representations" to the Plaintiffs about their employment that were material and false and that

5  Defendants supplied "false information" about the terms of Plaintiffs' employment.  *Id.* at ¶¶ 67-

6  68.

7        Finally, Plaintiff argue in the alternative that if they are deemed independent contractors

8  rather than employees, Defendants' failure to pay Mrs. Picu $3,000 per month was an unfair and

9  deceptive act or practice in trade or commerce.  *Id.* at ¶ 69.

### III.    LEGAL ARGUMENT

10       To satisfy the applicable pleading requirements of Rules 8(a) and 12(b)(6), a party must

11  allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

12  *Danforth & assocs., Inc. v. Coldwell Banker Real Estate, Inc.,* 2011 WL 338798 at *1 (W.D.

13  Wash. Feb 3, 2011) (quoting *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)) (other internal

14  quotation marks and citations omitted).  A claim is "plausible" only if a plaintiff alleges facts

15  that allow the Court to reasonably infer that the defendant is liable for the alleged misconduct.

16  *Danforth,* 2011 WL 338798, at *1.  Bare assertions and conclusory statements are not sufficient

17  to withstand a motion to dismiss.  Rather, a party must allege facts that "cross the line between

18  possibility and plausibility of entitlement to relief." *Iqbal,* 129 S. Ct. at 1949.  Plaintiffs have not

19  done that here.

---

[4]  It is worth noting that, according to Plaintiffs' allegations, Mrs. Picu would have worked 6 and ½ months (*i.e.,* from November 1, 2011 until May 13, 2012) without receiving any compensation, quit, taken 3 and ½ months off (*i.e.,* from May 14, 2012 until August 31, 2012), and then, despite never having received compensation for her previous 6 ½ months of services, nonetheless, went back to DAFH and provided services for another 3 months (*i.e.,* September 1, 2012 through November 30, 2012) without being compensated.

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT** -3
{24256/U060451.DOC}

LASHER HOLZAPFEL SPERRY & EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
FAX 206 340-2563

**A.      Plaintiffs Fail to State a Claim Under the FLSA for Overtime.**

Plaintiff's statutory wage claims fail, too.  The FLSA allows certain employees to sue an

employer who fails to pay them the federally mandated minimum wage or fails to pay them

overtime rates for hours worked in excess of 40 per week.  29 U.S.C. §§ 206, 207.   However, in

this case, Plaintiffs are exempt from the FLSA's minimum wage and overtime requirements

under at least two well-established exemptions.  First, they are exempt from the FLSA's

minimum wage and overtime requirements under the Companionship Exemption.  29 U.S.C. §

213(a)(15); *see also Park v. Choe*, C06-5456RJB, 2007 WL 2677135 (W.D. Wash. Sept. 10,

2007).  Plaintiffs are also exempt from the FLSA's overtime requirements under the Live In

Domestic Service Employee Exemption.  29 U.S.C. § 213(b)(21).  Accordingly, Plaintiffs have

failed to state a viable FLSA claim and such claim should be dismissed with prejudice.

**1.      The Companionship Exemption Applies Here.**

The FLSA minimum wage and overtime provisions do not apply to "any employee ...

employed in domestic service employment to provide companionship services for individuals

who (because of age or infirmity) are unable to care for themselves."  29 U.S.C. § 213(a)(15).[5]

The applicable regulations provide that, as used in § 13(a)(15) of the Act, the term "domestic

service employment" refers to services of a household nature performed by an employee in or

about a private home (permanent or temporary) of the person by whom he or she is employed.

The term expressly includes caretakers.  29 C.F.R. § 552.3.  "Companionship services" for the

---

[5] For purposes of this Motion only, Defendants will not contest the employer/employee relationship.  However, it is Defendants' position that Plaintiffs, at all material times, were independent contractors.



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

aged or infirm are defined as "those services which provide fellowship, care and protection for a person who because of advanced age or physical or mental infirmity cannot care for his or her own needs." 29 C.F.R. § 552.6.

It is undisputed that Mr. and Mrs. Picu were engaged in companionship services as defined by the applicable regulations.  Namely, they lived at DAFH were responsible for the care of the residents.  Complaint, ¶¶ 30-33.  The Companionship Exception applies and the Picus are not entitled to minimum wage or overtime pursuant to 29 U.S.C. § 213(a)(15).

### 2.    Certified Nursing Assistants Do Not Fall Under The Trained Personnel Exemption.

The term "companionship services" does not include services relating to the care and protection of the aged or infirm which require and are performed by trained personnel, such as a registered or practical nurse.  29 C.F.R. § 552.6.  Hence, the regulations carve out an exception to the companionship exemption for trained personnel such as registered or practical nurses.  Accordingly, Plaintiffs are excluded from minimum wage protection unless they qualified as "trained personnel," which they do not.

Here, Plaintiffs allege that from November 1, 2012 to November 30, 2012, they were certified nursing assistants.  Complaint, ¶ 9.  Authoritative case law holds that Certified Nursing Assistants ("CNAs") do not fit within the Department of Labor's ("DOL") trained personnel exemption which extends minimum wage coverage to trained personnel such as licensed practical nurses.  *McCune v. Oregon Sr. Services Div.,* 894 F.2d 1107, 1110-11 (9th Cir. 1990). Accordingly, the Picus do not fall under this limited exception to the Companionship Exemption.

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**3.      The Live In Domestic Service Employee Exemption Applies Here.**

In addition to the fact they are exempt from the minimum wage and overtime provisions of the FLSA by virtue of the Companionship Exemption, Plaintiffs are also exempt from the FLSA's overtime provisions under the Live In Domestic Services Employee Exemption.  The overtime provisions of the FLSA do not apply to "any employee who is employed in domestic service in a household and who resides in such household."  29 U.S.C. § 213(b)(21).  The U.S. Department of Labor ("DOL") has further explained this exemption by regulation:

> Domestic service employees who reside in the household where they are employed are entitled to the same minimum wage as domestic service employees who work by the day.  However, section 13(b)(21) provides an exemption from the Act's overtime requirements for domestic service employees who reside in the household where employed.  But this exemption does not excuse the employer from paying the live-in worker at the applicable minimum wage rate for all hours worked. In determining the number of hours worked by a live-in worker, the employee and the employer may exclude, by agreement between themselves, the amount of sleeping time, meal time and other periods of complete freedom from all duties when the employee may either leave the premises or stay on the premises for purely personal pursuits.  For periods of free time (other than those relating to meals and sleeping) to be excluded from hours worked, the periods must be of sufficient duration to enable the employee to make effective use of the time.  If the sleeping time, meal periods or other periods of free time are interrupted by a call to duty, the interruption must be counted as hours worked.

29 C.F.R. § 552.102(a). *See also* 29 C.F.R. § 100(a)(2) (live in domestic service employees are exempted from the FLSA's overtime requirements).

The Live In Domestic Services Employee Exception to the FLSA's overtime provisions applies here because the Picus provided domestic services (*e.g.*, caregiver) and resided in the household.  Complaint ¶¶ 30-31; 29 C.F.R. § 552.3.  Thus, the Picus are not entitled to overtime

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

for the work they performed at DAFH by virtue of being domestic service employees who

resided at DAFH.

> **B.    Plaintiffs Fail to State a Claim Under Washington's Minimum Wage Act for Overtime.**

Plaintiffs next seek to recover damages under Washington's Minimum Wage Act, RCW

49.52.070, which gives an employee a right of action against an employer who willfully deprives

the employee of "wage" the employer is "obligated to pay" under RCW 49.52.070.

Like their federal wage claim, Plaintiffs' wage claim under Washington State law also fails to

state a claim upon which relief may be granted.  "Any individual whose duties require that he or

she reside or sleep at the place of his or her employment," is not a covered employee under the

MWA.  RCW 49.46.010(5)(j).  Here, Mr. and Mrs. Picu were required to sleep at DAFH.

Complaint, ¶¶ 33-34.  Accordingly, they are exempted from coverage under the WMWA.  *Park*,

2007 WL 2677135 at *6.

> **C.    Plaintiffs Have Not Pled a Claim for Fraud and/or Negligent Misrepresentation.**

Plaintiffs' fraud claim fails for at least two reasons.  First, Plaintiffs do not come close to

satisfying the heightened pleading standard of Fed. R. Civ. P. 9(b).  Under Rule 9(b), the

"circumstances constituting fraud" must be stated "with particularity."  Plaintiffs have failed to

articulate their fraud claims with sufficient particularity and these must be dismissed.  The

elements necessary to establish fraud, all of which must be shown by clear, cogent, and

convincing evidence, include a representation of an existing fact; its materiality; its falsity; the

speaker's knowledge of its falsity; his intent that it shall be acted upon by the person to whom it

is made; ignorance of its falsity on the part of the person to whom it is addressed; the latter's

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

reliance on the truth of the representation; his right to rely upon it; and his consequent damage. *Stiley v. Block*, 130 Wn.2d 486, 505, 925 P.2d 194 (1996).

Here, Plaintiffs generically claim that Defendants "made representations" to them about their employment that were "material and false" and that the "defendants supplied false information about the terms of the Plaintiffs' employment for the guidance of the Plaintiffs in their business transactions."  Complaint, ¶¶ 67, 68.  Plaintiffs do not allege what these purportedly false representations were.   Nor do they allege who exactly made such misrepresentations.  Indeed, they allege no details whatsoever to support their claims of fraud and negligent misrepresentation.  A fraud claim in which neither the challenged representation nor the purported speaker is identified does not even provide notice, much less the specificity required when serious and reputation damaging accusations are leveled against businesses or individuals.  Plaintiff's bare and conclusory allegations of fraud and misrepresentations do not withstand the heightened pleading requirements of Rule 9(b) and should be dismissed.

Second, the fraud claim is incompatible with the existence of the parties' contract.  The "fraud" alleged here consists of "false information about the terms of the Plaintiffs' employment."  Complaint, ¶ 68.  The alleged failure to perform in accordance with the terms of the parties' oral contract is not fraud – it would be a breach of contract.  Fraud depends on a misrepresentation of existing fact; the terms of a contract, by contrast, are promises that something will be done in the future.  *Shook v. Scott*, 56 Wn.2d 351, 355 (1960).  Contractual promises are distinct from factual representations, and the distinction is important: "[W]ere the rule otherwise, any breach of contract would amount to fraud." *Id.* (internal quotation marks and citations omitted).  Because Plaintiffs do not identify any misrepresentation of fact, they do not state a claim for fraud.

**D.    Plaintiffs Fail to State a Claim for a Violation of Washington's Consumer Protection Act, RCW 19.86.020**

Plaintiffs have plead an alternative claim for a violation of Washington's Consumer Protection Act, RCW 19.86.020 ("CPA").  Namely, they assert that if Plaintiffs are deemed to be

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

independent contractors, Defendants' failure to pay Roberta Picu the contractually agreed monthly amount of $3,000 was an unfair and deceptive act or practice in violation of the CPA. Complaint, ¶ 69.  The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  RCW 19.86.020.

To establish a claim under the CPA, a party must prove: (1) defendant committed an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacted the public interest, (4) causing injury to plaintiff in its business or property, and (5) a causal link between the unfair or deceptive act and the injury suffered.  *Hangman Ridge Training Stables, Inc., v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 783, 719 P.2d 531 (1986).

The first element of a private CPA action is an unfair or deceptive act or practice.  *Id.* at 785.  The second element which a private plaintiff must establish is that the act or practice complained of occurred in the conduct of trade or commerce.  *Id.*  These first two elements may be established by a showing that (1) an act or practice *which has a capacity to deceive a substantial portion of the public* (2) has occurred in the conduct of any trade or commerce.[6]  *Id.* at 785-86 (emphasis added).  Alternatively, these two elements may be established by a showing that the alleged act constitutes a per se unfair trade practice.  A per se unfair trade practice exists when a statute which has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce has been violated.

---

[6] The CPA does not define "unfair or deceptive" for purposes of the first element.  Whether an act is unfair or deceptive is a question of law.  *Leingang v. Pierce County Med. Bureau, Inc*., 131 Wn.2d 133, 150, 930 P.2d 288 (1997).

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

Plaintiffs have failed to establish the first two elements because they cannot show that the conduct complained of has a capacity to deceive a substantial portion of the public. On the contrary, this is a private contractual dispute between two parties. There is no indication that Defendants' conduct is capable of deceiving the public.

Furthermore, Plaintiff have failed to allege a *per se* violation. There is no statute which Plaintiffs allege Defendants violated in which the Legislature has expressly indicated the violation thereof constitutes an unfair or deceptive act in violation of trade or commerce. Unlike a number of other state statutes, the MWA does not contain the operative language, *i.e.*, "Such a violation is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW." *See, e.g.,* RCW 48.102.180 (insurance); RCW 19.166.100 (international student exchange); RCW 46.35.050 (recording devices in motor vehicles); RCW 18.11.260 (auctioneers); RCW 61.24.135 (deeds of trust).

The third element requires a public interest showing. *Hangman Ridge*, 105 Wn.2d at 785-87. Where the transaction is essentially a private dispute, as is the case here, it is difficult to show that the public has an interest in the subject matter. Generally, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest. *Lightfoot v. MacDonald*, 86 Wn.2d 331, 334, 544 P.2d 88 (1976). It is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest. *McRae v.*

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1    *Bolstad*, 101 Wn. at 166, 676 P.2d 496.   Here, there is no likelihood that other plaintiffs have

2    been or will be injured in exactly the same fashion.

3          Factors indicating public interest in this context include: (1) Were the alleged acts

4    committed in the course of defendant's business? (2) Did defendant advertise to the public in

5    general? (3) Did defendant actively solicit this particular plaintiff, indicating potential

6    solicitation of others? (4) Did plaintiff and defendant occupy unequal bargaining positions?

7
8    *Hangman Ridge*, 105 Wn.2d at 790.  As with the factors applied to essentially consumer

9    transactions, not one of these factors is dispositive, nor is it necessary that all be present.  The

10   factors in both the "consumer" and "private dispute" contexts represent indicia of an effect on

11   public interest from which a trier of fact could reasonably find public interest impact.  *Id*. at 790-

12
13   91.  Additionally, the public interest element may be satisfied *per se*.  The *per se* method requires

14   a showing that a statute has been violated which contains a specific legislative declaration of

15   public interest impact.  *Id*. at 791.

16
17        The fourth element of a private CPA action requires a showing that plaintiff was injured

18   in his or her "business or property."  RCW 19.86.090. Opinions of the Supreme Court have

19   focused on the need for a specific showing of injury.  *See, e.g., Cooper's Mobile Homes, Inc. v.

20   Simmons*, 94 Wn.2d 321, 327, 617 P.2d 415 (1980) (CPA plaintiffs must show that injury

21   resulted from defendant's acts); *Seattle Rendering Works, Inc. v. Darling-Delaware Co*., 104

22   Wn.2d 15, 701 P.2d 502 (1985) (unless plaintiffs are injured, they cannot prevail under the

26

DEFENDANTS' PARTIAL MOTION TO DISMISS
PLAINTIFFS' COMPLAINT -11
{24256/U060451.DOC}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1   CPA).  The injury involved need not be great, but it must be established.  *Hangman Ridge*, 105

2   Wn.2d at 791.

3
        The fifth element is that of causation.  Only a person "injured in his business or property
4
5   by a violation of RCW 19.86.020..." may bring a private action.  RCW 19.86.090.  A causal link

6   is required between the unfair or deceptive acts and the injury suffered by plaintiff.  *Hangman*

7   *Ridge*, 105 Wn.2d at 791.

8
        At a minimum, Plaintiffs have failed to establish the first three elements of the claim
9
10  because they cannot show that the conduct complained of has a capacity to deceive a substantial

11  portion of the public.  Hence, their CPA claim should be dismissed.

12
                            **IV.   CONCLUSION**
13
        For the reasons stated above, the Court should dismiss Plaintiffs' claims against
14
15  Defendants for fraud and violations of the FLSA, MWA, and CPA with prejudice.

16
        DATED 18th day of March, 2014.
17
                                LASHER  HOLZAPFEL
18                              SPERRY & EBBERSON, P.L.L.C.

19

20                               */s/ Robin Williams Phillips*
                                Robin Williams Phillips, WSBA No. 17947
21                              Hillary J. Collyer, WSBA No. 45940
                                *Attorneys for Defendants*
22

23

24

25

26

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

Attorneys at law
2600 Two Union Square
601 Union Street
Seattle  WA 98101-4000
Telephone 206 624-1230
Fax 206 340-2563

## DECLARATION OF SERVICE

I hereby certify that on the date signed below, I caused the foregoing pleading to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

***Attorneys for Plaintiffs:***

John G. Barton
THE BARTON LAW FIRM
222 Everett Mall Way, No. 61
Everett, WA  98204

Email:  thebartonlawfirm@gmail.com

Signed at Seattle, Washington this 18th day of March, 2014.

LASHER  HOLZAPFEL
SPERRY & EBBERSON, P.L.L.C.


*/s/ Robin Williams Phillips*
Robin Williams Phillips, WSBA No. 17947
Hillary J. Collyer, WSBA No. 45940
Lasher Holzapfel Sperry & Ebberson, PLLC
601 Union Street, Suite 2600
Seattle, WA  98101-4000
Telephone:  (206) 624-1230
Facsimile:   (206) 340-2563
phillips@lasher.com
collyer@lasher.com
*Attorneys for Defendants*

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE  WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563