1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

_____
                                                            )
SEVER PICU, individually and as                )
9  representative of the Estate of Roberta Picu,  )
                                                            )        No. C14-0330RSL
10                          Plaintiffs,                     )
                                                            )
11                 v.                                        )        ORDER GRANTING IN PART
                                                            )        PLAINTIFFS' MOTIONS IN LIMINE
12  MARIANNA BOT, DOREL BOT, and      )
     DUVALL ADULT FAMILY HOME,          )
13                                                          )
                            Defendants.               )
14  _____)

15        This matter comes before the Court on "Plaintiffs' Motions in Limine." Dkt. # 133.

16  Plaintiffs assert state and federal wage claims that are based on contested issues of fact

17  regarding, among other things, the nature of the employment relationship, the terms of the

18  employment agreement, the number of hours worked, defendants' good faith and

19  reasonableness, and whether plaintiffs knowingly submitted to the alleged violations. Having

20  reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as

21  follows:

22  **1-3. Performance at Le Clare Adult Family Home, including Allegations of On-the-Job**
23            **Drinking and Non-Work Activities**

24        Evidence regarding plaintiffs' activities at Le Clare Adult Family Home is relevant to the

25  jury's evaluation of how many hours plaintiffs actually worked as caregivers for defendants and

26

ORDER GRANTING IN PART
PLAINTIFFS' MOTIONS IN LIMINE

1  may be admissible for impeachment purposes. if offered for those purposes, the evidence is not

2  unduly prejudicial or improper character evidence. The motions are DENIED.

3  **4. Wage Claim Against Le Clare Adult Family Home**

4      Evidence that the Picus filed five prior wage claims before working for defendants is

5  relevant to whether plaintiffs knowingly submitted to the alleged wage violations and may be

6  admissible for impeachment purposes. If admitted for these purposes, it is not offered as

7  character evidence, it is not hearsay, and its probative value outweighs the risks of prejudice,

8  confusion, and delay. Plaintiffs have not shown that the L&I documents on which defendants

9  intend to rely were untimely disclosed.[1] The motion is DENIED.

10  **5-6. Unemployment Claim Against Le Clare Adult Family Home**

11     Evidence that Roberta Picu signed an equivocal letter at the end of her employment with

12  Le Clare Adult Family Home and filed an unemployment claim that contained arguably contrary

13  assertions regarding the reason she stopped working there have very little relevance to the wage

14  claims at issue here and pose a significant risk of jury bias and collateral mini-trials. These

15  motions are GRANTED.

16  **7-9. Conflicts with Le Clare Adult Family Home Owners and Employees**

17     Evidence that plaintiffs did not have a good relationship – working or otherwise – with

18  the owners and other caregivers at Le Clare Adult Family Home has very little relevance to the

19  wage claims at issue here and pose a significant risk of jury bias and collateral mini-trials. These

20  motions are GRANTED.

21  **10. Lay Opinion Testimony**

22     The owners of other adult family homes may testify regarding how much they pay

23

24

---

25  [1] Defendants pursued discovery from L&I shortly after Mr. Picu's deposition concluded. The date on which the third party produced responsive documents, copies of which were then provided to plaintiffs, does not suggest that the discovery itself was untimely.

26
ORDER GRANTING IN PART
PLAINTIFFS' MOTIONS IN LIMINE                -2-

1   caregivers for the type of services offered by plaintiffs. Such evidence is based on the owners'

2   personal knowledge and is relevant to the terms of the employment contract negotiated between

3   the parties in this case. Ms. Moitu and/or Mr. Pope will not, however, be permitted to offer

4   general testimony regarding the compensation rates for caregivers in this area absent a showing

5   that the testimony is based on personal knowledge.

6        Plaintiffs' timeliness objections are overruled. Plaintiffs have been aware of defendants'

7   interest in Ms. Moitu since before this litigation was filed. Dkt. # 53 at 10. The full extent of her

8   information was not known, however, at the time the initial disclosures were made. The

9   supplemental disclosure on August 25, 2015, was not a surprise and there is no evidence of

10  prejudice. This motion is GRANTED in part and DENIED in part.

11  **11. Character Testimony**

12       Defendants intend to ask Ms. Moitu and/or Mr. Pope their opinions of plaintiffs, arguing

13  that the evidence will assist the jury in evaluating the reason plaintiffs filed this lawsuit. Whether

14  plaintiffs were angry with defendants when they filed this lawsuit is irrelevant to determining the

15  merits of the wage claims: defendants either paid the wages owed or they did not. Evidence that

16  plaintiffs are not likeable is not probative and would be prejudicial. The motion is GRANTED.

17  **12. All Testimony from Ms. Moitu and Mr. Pope**

18       As discussed above, the owners of Le Clare Adult Family Home have admissible

19  evidence regarding the number of hours generally worked by caregivers in adult family homes,

20  plaintiffs' knowledge regarding compensation schemes, and the rate of compensation they paid

21  caregivers (including plaintiffs). Plaintiffs' timeliness objections are overruled. This motion is

22  DENIED.

23  **13. Wage Claims Against Other Adult Family Homes**

24       Evidence that the Picus filed five prior wage claims before working for defendants is

25  relevant to whether plaintiffs knowingly submitted to the alleged wage violations and may be

26
ORDER GRANTING IN PART
PLAINTIFFS' MOTIONS IN LIMINE            -3-

1   admissible for impeachment purposes. If admitted for these purposes, it is not offered as

2   character evidence, it is not hearsay, and its probative value outweighs the risks of prejudice,

3   confusion, and delay. Plaintiffs have not shown that the L&I documents on which defendants

4   intend to rely were untimely disclosed. The motion is DENIED.

5   **14. Worker's Compensation Claim Against Duvall Adult Family Home**

6          On June 3, 2013, L&I disallowed Roberta Picu's worker's compensation claim because

7   the injury had not occurred in the course of employment, contrary to Ms. Picu's representations.

8   Evidence of prior frauds may, in some instances, be the subject of cross examination regarding a

9   witness' character for truthfulness under Fed. R. Ev. 608(b), but it is unclear how this evidence

10  could be used given that Ms. Picu is deceased and will not testify at trial. Plaintiffs have not

11  shown that the L&I documents on which defendants intend to rely were untimely disclosed. The

12  Court takes this motion under advisement.[2]

13  **15. Evidence of Litigiousness**

14         Ms. Bot apparently intends to testify regarding other litigations in which plaintiffs have

15  been involved and to offer the opinion that they are litigious. Defendants argue that this

16  information is relevant because it proves plaintiffs' motive for filing this lawsuit and that

17  plaintiffs are untruthful. Whether plaintiffs were angry with defendants when they filed this

18  lawsuit is irrelevant to determining the merits of the wage claims: defendants either paid the

19  wages owed or they did not. Evidence that plaintiffs are litigious is not probative and would be

20  prejudicial. The motion is GRANTED.

21  **16. DUI Conviction**

22         Sever Picu's DUI conviction is only marginally probative regarding the hours worked at

23  Duvall Adult Family Home: it occurred outside the workplace and prior to his employment with

24  _____

25         [2] Defendants may offer evidence of Ms. Picu's injury and subsequent inability to work in an
    effort to reduce the amount of wages owed.

26
    ORDER GRANTING IN PART
    PLAINTIFFS' MOTIONS IN LIMINE          -4-

1   defendants. Even if the Court were to assume that the DUI conviction is evidence of a drinking

2   problem, to the extent defendants intend to argue that Mr. Picu's abuse of alcohol made him a

3   less effective employee, poor work performance is not relevant to the wage claims: if Mr. Picu

4   were working, he was entitled to compensation despite any performance issues. In addition,

5   defendants offer no justification for the late production of these documents. Any third-party

6   discovery related to Mr. Picu's DUI should have been issued on or before May 17, 2015: copies

7   of the responsive documents were not provided to plaintiffs until five months later. Evidence of

8   the conviction cannot, therefore, come in as part of defendants' case. It may, however, be used

9   for impeachment purposes and/or may be the subject of inquiry on cross examination under Fed.

10  R. Ev. 608(b). The Court takes this motion under advisement.

11  **17. Job Advertisement**

12      At his deposition in July 2015, Mr. Picu took the position that the advertisement he saw

13  for the Duvall Adult Family Home job opening indicated that the owners were looking for a

14  couple to perform the work. Defendants subsequently obtained a copy of the advertisement from

15  the newspaper in which it had been published and submitted it as an exhibit with Ms. Bot's

16  motion for summary judgment. Dkt. # 64, Ex. B.[3] Any objection to the timing of the disclosure is

17  not well-taken and/or has been waived. The motion is DENIED.

18  **18. IRS Form 1099**

19      Defendants issued a Form 1099 to Mr. Picu rather than a W-2. At the very least, this

20  evidence is relevant to determining whether defendants acted in good faith and/or wilfully

21  withheld wages that were due. The motion is DENIED.

22

23

24      [3] Plaintiffs raised undifferentiated and unexplained objections to the evidence submitted with
    Ms. Bot's motion and attempted to use their responsive memorandum to Mr. Bot's motion for summary

25  judgment to support the objections. The Court found this an improper attempt to avoid the page limits
    established in LCR 7(e) and declined to rule upon the evidentiary objections. Dkt. # 107 at 2, n.1.

26
    ORDER GRANTING IN PART
    PLAINTIFFS' MOTIONS IN LIMINE                -5-

**19. Defendants' Ability to Pay Both Plaintiffs**

At the heart of this litigation is a dispute about whether Ms. Picu was employed by Duvall Adult Family Home and the terms of the contract. Ms. Bot will be permitted to testify that she would never have agreed to the contract plaintiffs say was negotiated because defendants could not have afforded such an expense. There is no indication that defendants intend to offer documentary evidence in support of her testimony. The fact that documents on this topic were not produced in response to plaintiffs' broad Requests for Production is therefore irrelevant. The motion is DENIED.

**20. Background Check Authorization Form**

The fact that Mr. Picu signed a background authorization form is not relevant to any issue in this case. Coupled with evidence of Mr. Picu's DUI conviction, however, it may be used for impeachment purposes and/or may be the subject of inquiry on cross examination under Fed. R. Ev. 608(b). The Court takes this motion under advisement.

**21. Number of Caregivers**

Defendants refused to provide the names and addresses of other caregivers employed by Duvall Adult Family Home after January 1, 2010, in response to a specific discovery request. They now intend to have Ms. Bot testify that they hire just one caregiver at a time. Having deprived plaintiffs of any meaningful opportunity to investigate or challenge that testimony, it will be excluded. The motion is GRANTED.

**22-23. Alleged Poor Performance and Alcohol Use**

Evidence regarding plaintiffs' activities at Duvall Adult Family Home is relevant to the jury's evaluation of how many hours plaintiffs actually worked as caregivers for defendants and may be admissible for impeachment purposes. It is not unduly prejudicial or improper character evidence is offered for those purposes. Hearsay objections may be raised at trial. The motions are DENIED.

ORDER GRANTING IN PART
PLAINTIFFS' MOTIONS IN LIMINE                -6-

**24. Sever Picu's Opinion Regarding Compensable Hours**

Mr. Picu's understanding of when he was working (or "on-call") and when he was engaged in private pursuits is relevant to the jury's determination of how many hours plaintiffs actually worked as caregivers for defendants. The motion is DENIED.

**25. Sever Picu's Opinion Regarding the Overtime Rate**

Defendants agree that the applicable overtime rate is a legal issue and do not intend to offer evidence on that matter. The motion is GRANTED.

**26. Defendants' Ability to Pay Damage Award**

Defendants argue that they should be permitted to present evidence regarding their financial condition in an effort to impact the amount of liquidated or double damages that may be awarded. If defendants make the showings specified in the FLSA and/or the Wage Rebate Act, they may avoid non-compensatory damages. However, they offer no case law or argument in support of their theory that the fact finder could or should take their ability to pay into consideration when determining damages. The motion is GRANTED.

**27. Damage Calculations**

The parties will be permitted to offer evidence and make arguments regarding the appropriate measure and calculation of damages. The motion is DENIED.

**28-29. Applicability of 29 C.F.R. § 785.23**

The fact that defendants were not entitled to judgement as a matter of law under the Resident Employee Exception does not mean that they will not be able to prove its applicability at trial. Nor are defendants estopped from arguing that the exception applies (regardless of whether the contract was written or oral). As plaintiffs repeatedly point out, the realities of the situation determine whether an employment relationship exists, not whether Ms. Bot considered the Picus to be independent contractors or not. If the jury finds that the parties agreed to a contract that took into account a reasonable approximation of the number of hours actually

1 │ worked, § 785.23 may apply as a matter of fact. The motions are DENIED.

2 │ **30-31. Waiver of 29 C.F.R. § 785.22**

3 │ Defendants intend to offer evidence from which they can argue that, even if the

4 │ employment contract failed to account for a reasonable approximation of hours worked for

5 │ purposes of § 785.23, they are at least entitled to a reduction of compensable hours associated

6 │ with meal and sleeping periods under 29 C.F.R. § 785.22. Plaintiffs seek to exclude this

7 │ evidence on the ground that § 785.22 is an affirmative defense that was not pled and has

8 │ therefore been waived. Plaintiffs do not cite any cases in support of the proposition that a

9 │ defendant must affirmatively identify in its answer each and every regulatory provision that

10 │ might be relevant to plaintiff's statutory claim. The bald assertion that § 785.22 is an affirmative

11 │ defense is not well-taken. A review of the regulation shows that it is more akin to a limitation on

12 │ liability under the FLSA, rather than a defense thereto. When defendants denied plaintiffs'

13 │ allegations that they worked and should be compensated for all but eight hours every week, the

14 │ matters covered by this regulation were put at issue: no special pleading was required. To the

15 │ extent § 785.22 could be construed as a defense, defendants affirmatively pled as a general

16 │ matter than plaintiffs failed to state a viable wage claim. The motion is DENIED.

17 │ **32-33. Applicability of 29 C.F.R. § 552.3 and § 552.100(a)**

18 │ Defendants do not intend to offer evidence or argument regarding the companionship or

19 │ live-in domestic service exemptions. The motions are GRANTED.

20 │ **34. Dispute as to Amount of Wages Owed**

21 │ While defendants believe they have fully satisfied their wage obligations, they have

22 │ asserted alternative arguments that would reduce the amount due if their theory of the case is not

23 │ accepted by the jury. The amount of wages owed is obviously in dispute, and the parties will be

24 │ permitted to litigate the issue. The motion is DENIED.

25 │

26 │

ORDER GRANTING IN PART
PLAINTIFFS' MOTIONS IN LIMINE                    -8-

1  **35-37. Applicability of Defenses**

2      Defendants do not intend to offer evidence or argument regarding the defenses of waiver,

3  failure to mitigate, or estoppel. The motions are GRANTED.

4

5      Dated this 24th day of May, 2016.

6

7                                                      Robert S. Lasnik
                                                       United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING IN PART
PLAINTIFFS' MOTIONS IN LIMINE                    -9-