UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                      )
SEVER PICU, individually and as        )
representative of the Estate of Roberta Picu, )
                                      )      No. C14-0330RSL
        Plaintiffs,                    )
                                      )
    v.                                 )      ORDER GRANTING IN PART
                                      )      DEFENDANTS' MOTIONS IN
MARIANNA BOT, DOREL BOT, and           )      LIMINE
DUVALL ADULT FAMILY HOME,              )
                                      )
        Defendants.                    )
_____)

        This matter comes before the Court on "Defendants' Motions in Limine." Dkt. # 142.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court

finds as follows:

**1. Evidence of Emotional Distress**

        Plaintiffs do not intend to offer evidence or argument regarding emotional distress. The

motion is GRANTED.

**2. Sever Picu's Testimony Regarding the Number of Hours He Worked**

        One of the main issues in this case is the number of hours plaintiffs worked as caregivers

at Duvall Adult Family Home. Mr. Picu's testimony on that issue is clearly relevant: if it is

unreliable because of his interest in this matter, that point may be made on cross-examination.

The motion is DENIED.

ORDER GRANTING IN PART
DEFENDANTS' MOTIONS IN LIMINE

**3. Testimony Regarding the Number of Hours Roberta Picu Worked**

Defendants seek to exclude Mr. Picu's testimony regarding the number of hours his wife worked while employed at Duvall Adult Family Home on the grounds that the evidence is unreliable and barred be the Deadman's Statute. The objection regarding reliability is overruled for the reasons stated above.

The Washington Deadman's Statute provides:

> [I]n an action or proceeding where the adverse party sues or defends as executor, administrator or legal representative of any deceased person, or as deriving right or title by, through or from any deceased person, . . . then a party in interest or to the record, shall not be admitted to testify in his or her own behalf as to any transaction had by him or her with, or any statement made to him or her, or in his or her presence, by any such deceased . . . person . . . .

RCW 5.60.030. The purpose of the statute is to "prevent interested parties from giving self-serving testimony about conversations or transactions with the decedent." Erickson v. Robert F. Kerr M.D., P.S., Inc., 125 Wn.2d 183, 187 (1994) (quoting Wildman v. Taylor, 46 Wn. App. 546, 549 (1987)). "The statutory rule was formulated in recognition of the fact that, when the lips of the one who is said to have made the statement, or with whom the transaction is alleged to have been had, are sealed in death, it becomes difficult, and often impossible, to rebut such adverse testimony." Thor v. McDearmid, 63 Wn. App. 193, 199 (1991) (quoting McFarland v. Dept. of Labor & Indus., 188 Wn.357, 362-63 (1936)). Not all evidence regarding the activities of the deceased is prohibited, however. The language of the statute suggests that it applies only to bar the admission of testimony, not of documents. The Washington Supreme Court has not comprehensively addressed the applicability of the Deadman's Statute to documentary evidence, but it appears that records kept in the ordinary course of business and documents written or executed by the deceased are admissible. Erickson, 125 Wn.2d at 188-89. In addition, the only testimony that is barred is that which touches on a transaction with or statement of the deceased. A "transaction" for purposes of the Deadman's Statute "is broadly defined as the doing or

ORDER GRANTING IN PART
DEFENDANTS' MOTIONS IN LIMINE                    -2-

performing of some business between parties, or the management of any affair. The matter concerning which the testimony is given must involve some act by and between the parties for the benefit or detriment of one or both of the parties." Estate of Lennon v. Lennon, 108 Wn. App. 167, 174 (2001) (internal quotation marks and citations omitted).

Defendants seek to preclude Mr. Picu from testifying regarding the tasks Mrs. Picu performed at Duvall Adult Family Home and the number of hours it took to perform those tasks. Defendants have not attempted to show that the testimony involves a transaction for purposes of RCW 5.60.030. Even if the Deadman's Statute precluded Mr. Picu's testimony in support of the Estate's state law claims, it would be admissible in support of the FLSA claim under Fed. R. Ev. 601. The motion is DENIED.

**4. Evidence of Plaintiffs' Financial Condition**

Plaintiffs have asserted a breach of contract claim. To the extent they suffered consequential damages that were caused by the breach and reasonably foreseeable at the time of contracting, evidence of plaintiff's financial condition may be relevant and is not unduly prejudicial or confusing. The motion is DENIED.

**5. Testimony that the Written Contracts are Forgeries**

One of the issues in this case is the terms and form of the contract between the parties. Defendants have produced written contracts containing plaintiffs' signatures. Plaintiffs allege that the contract was oral and that the writings are forgeries. Mr. Picu's testimony on this matter is admissible evidence and will not be excluded simply because he has an interest in this matter. One party is lying, and it will be for the jury to determine who it is. The motion is DENIED.

**6. 1999-2000 U.S. Department of Labor Report on Wage Theft**

Plaintiffs intend to offer a report published sixteen years ago that shows that wage theft was a serious problem in adult family homes. The relevance of the evidence is minimal: there is no indication that Duvall Adult Family Home was part of the survey and whatever problems

ORDER GRANTING IN PART
DEFENDANTS' MOTIONS IN LIMINE                    -3-

1    were identified at the turn of the century may have been addressed in the interim. The evidence

2    is prejudicial in that it unfairly suggests a government finding of improper conduct and may

3    confuse the jury. The report cannot, therefore, come in as part of plaintiffs' case. It may,

4    however, be used to rebut the inference that plaintiffs' prior wage claims – and by extension this

5    claim – were part of a get-rich-quick strategy. The Court takes this motion under advisement.

6    **7.  Testimony from Peggy Almanza**

7         The owners of Le Clare Adult Family Home will be permitted to testify regarding

8    plaintiffs' activities and number of hours worked as caregivers, plaintiffs' knowledge regarding

9    compensation schemes, and the rate of compensation they paid caregivers (including plaintiffs).

10   Whether plaintiffs were likeable or performed their tasks well are not relevant to the wage

11   claims asserted, and such testimony would cause unnecessary delay, mini-trials regarding

12   collateral issues, and confusion. The late-disclosed witnesses offered to testify regarding

13   plaintiffs' performance will be excluded. The motion is GRANTED.

14   **8. Testimony Regarding Roberta Picu's Statements or Actions**

15        As discussed above, the Deadman's Statute is not an absolute bar on testimony regarding

16   the decedent. In order to fall within the statute, the testimony must relate to a statement of or

17   transaction with the decedent. Defendants' request for an exclusionary order precluding

18   testimony regarding Ms. Picu's actions is too broad. Nor have defendants shown that an

19   exclusionary order is appropriate where the testimony is admissible to prove plaintiffs' federal

20   cause of action. The motion is DENIED.

21   **9. Expert Testimony**

22        Plaintiffs have not identified any experts in this case and will not be permitted to offer

23   expert testimony at trial. The motion is GRANTED.

24   **10. Evidence of Dismissed Claims**

25        Plaintiffs agree that they will not offer testimony regarding dismissed claims, including

26

ORDER GRANTING IN PART
DEFENDANTS' MOTIONS IN LIMINE          -4-

1    their claims of fraud, negligent misrepresentation, intentional infliction of emotional distress,

2    and violations of the Consumer Protection Act. The motion is GRANTED.

3    **11. Election of Remedies**

4           Defendants argue that plaintiffs should be compelled to elect a remedy at this stage of the

5    proceeding. This motion does not seek the exclusion of any documents or testimony. If and when

6    plaintiffs have proven their claims, the election of remedies issue will be ripe for consideration.

7    The Court takes this motion under advisement.

8    **12. Attorney's Fees**

9           Defendants seek to exclude evidence and argument that plaintiffs are entitled to attorney's

10   fees and costs under RCW 49.46.020, RCW 49.46.090, and RCW 49.48.030. Plaintiffs concede

11   that they have not asserted a claim under the Minimum Wage Act and that the fee provisions of

12   Chapter 49.46 are not applicable. RCW 49.48.030 is part of a statute aimed at ensuring that

13   employees are paid the wages due at the end of their employment and does not appear to be part

14   of the Minimum Wage Act, RCW 49.46. The motion is therefore GRANTED in part and

15   DENIED in part.[1]

16

17           Dated this 24th day of May, 2016.

18                      Robert S. Lasnik
                          United States District Judge

19

20

21

22

23

24

---

25        [1] In ruling on this motion, the Court has not considered whether the issue of attorney's fees will
be presented to the jury.

26

ORDER GRANTING IN PART
DEFENDANTS' MOTIONS IN LIMINE      -5-